```
       IN THE IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                       **CRIMINAL NO.3:06-cr-201-WHB**
                                  **CIVIL ACTION NO. 3:07-cv-750-WHB**

**NAJEH SULAIMAN**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant Najeh Sulaiman ("Sulaiman") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). As Sulaiman is proceeding *pro se*, the allegations in his pleadings have been liberally construed. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The Court, having considered the Motion, Response, attachments to the pleadings, the Affidavit of Thomas E. Royals, Esq., as well as supporting and opposing authorities, finds that the Motion to Vacate is not well taken and should be denied.

### I.  Factual Background and Procedural History

On December 5, 2006, an Indictment was filed against Sulaiman charging him with two counts of having violated 18 U.S.C. § 152(3) and 2. The charges arose from allegations that Sulaiman had knowingly and fraudulently made "false declarations] ... under penalty of perjury" in relation to two Chapter 11 bankruptcy

proceedings, by representing certain documents as true and correct when he "well knew that the information concerning the business inventory reflected in the February 2006 monthly operating report and supporting documents was false in that the operating report and supporting documents did not reflect the full value of the business inventory for the reported period." During the period relevant to the subject Motion to Vacate, Sulaiman was represented by retained counsel Thomas E. Royals ("Royals").

On May 14, 2007, Sulaiman pleaded guilty to Count 1 of the Indictment. In conjunction with the plea entered by Sulaiman, he signed a Memorandum of Understanding ("MOU"), that provides, in relevant part:

> **Waivers**. Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office, in this plea agreement hereby expressly waives the above rights and the following:
>
> a.   the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any grounds whatsoever, and
>
> b.   the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-trial conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case...

See Resp. to Mot. to Vacate ("Response")[Docket No. 44], Ex. 2 (MOU), at ¶ 12(a) & (b). Sulaiman was sentenced on July 26, 2007, to a thirty-month term of imprisonment, to be followed by three years of supervised release, and was ordered to pay a special assessment of $100 and restitution in the amount of $1,000,000. Judgment was entered in Sulaiman's criminal case on August 6, 2007. On October 16, 2007, Sulaiman appealed his case to the United States Court of Appeals for the Fifth Circuit. The appeal was dismissed on January 18, 2008, for failure to timely pay the full docketing fee. See United States v. Sulaiman, No. 07-60829, slip op. (5th Cir. Jan. 18, 2008).

On or about November 26, 2007, Sulaiman filed the subject Motion to Vacate arguing that his plea was not made voluntarily because he did not understand the nature and consequences of the plea agreement. Sulaiman also argues that his sentence was calculated based on an offense level higher than that permitted under the Sentencing Guidelines. Finally, Sulaiman argues that he received ineffective assistance of counsel as his attorney (1) failed to research and obtain a full understanding of his case; (2) failed to negotiate with the prosecution and draw up the proper plea agreement; and (3) told him that he would get a harsher sentence if he went to trial as the jury would not have mercy on him based on his Arabian nationality. Sulaiman's Motion to Vacate is now ripe for consideration.

## II.  Discussion

The United States Court of Appeals for the Fifth Circuit has held that "[a] voluntary waiver and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceeding." United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999). Thus, the waiver of the right to contest a conviction or sentence is expressly recognized in this circuit. See e.g. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

In his Motion to Vacate, Sulaiman claims that his plea agreement was "induced unlawfully and not made voluntarily" as he did not understand the nature and consequences of the plea based on his limited education, and his limited ability to understand the English language, read and write, and comprehend the law. See Mot. to Vacate [Docket No. 37], Ground One. The Court finds that this claim is not supported by the record. First, in his MOU, Sulaiman declared that the terms of the plea agreement he entered had been: (1) read to or by him, (2) explained to him by his attorney, (3) understood by him, (4) voluntarily accepted by him, and (5) agreed to and accepted by him. See Response, Ex. 2 (MOU), at 6. Second, the guilty plea hearing was conducted in English, and Sulaiman responded appropriately to each question asked during the colloquies with the Court. During his plea hearing, Sulaiman was instructed to notify the Court if, at any time during the

proceeding, he was unable to understand the questions he was being asked or whether he wanted to consult with his attorney. See id., Ex. 1 (Plea Tr.), at 2.  Additionally, during his plea hearing, Sulaiman testified that he held a Bachelors degree in finance, he was competent, he understood the type and nature of the rights he was waiving by entering the plea agreement, he and his attorney had discussed the charges against him and the possible defenses to those charges, he was voluntarily entering a plea of guilty, he read and discussed the MOU with his attorney, and he was guilty of the charge alleged in Count One of the Indictment. See id., Ex. 1 (Plea Tr.), at 4, 5, 6-9, 12, 14, 17.  Third, according to his attorney Royals , Sulaiman "speaks the English language adequately and had the ability to understand the relevant material as it was read to him and explained to him."  See Royals Aff. [Docket No. 43], at 1.  Additionally, according to Royals, Sulaiman was the general manager of two stores, he maintained the financial records and accounts for those stores, and he dealt with inventory, salesmen, personnel, and vendors mostly in English.  Id.  Finally, according to Royals, he met with Sulaiman on numerous occasions, he "explained the plea agreement, the charges, possible defense, guideline calculations, and all other matters related to the plea" and that, in his opinion, Sulaiman "was well aware of the nature and the consequences of the plea to him."  Id.

The Court finds, based on Sulaiman's lack of support for his claim that he was unable to understand the English language or the consequences of plea agreement, and its review of the plea hearing transcript, the MOU, and the observations of the undersigned at the plea hearing, that Sulaiman's guilty plea was made in a knowledgeable and voluntary manner.  The Court additionally finds that Sulaiman waived his right to contest his conviction, sentence, or the manner in which his sentence was imposed and, therefore, that his claim that his sentence was not correctly calculated under the Sentencing Guidelines has been waived.  See Mot. to Vacate, Ground Four.  Accordingly, the Court finds that Sulaiman is not entitled to any relief under 28 U.S.C. § 2255 based the first and fourth grounds raised in his Motion to Vacate.

As regards Sulaiman's ineffective assistance of counsel claim, the Fifth Circuit has recognized that a "defendant can waive his right to file a section 2255 motion, although such a waiver might not apply to an ineffective assistance of counsel claim." United States v. White, 307 F.3d 336, 339 (5th Cir. 2002) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)).  As explained by the Fifth Circuit:

> We ... hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself.  We agree with [Jones v. United States, 167 F.3d 1142 (7th Cir. 1998)] and [Mason v. United States, 211 F.3d 1065 (7th Cir. 2000)] that an impermissible boot-strapping arises where a waiver is sought to be enforced to bar a claim that the waiver

6

> itself – or the plea agreement of which it was a part – was unknowing or involuntary. This court addressed that problem in [United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995)]. Where the movant's claim does not involve that sort of boot-strapping, however, we see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently. See Johnson v. Zerbst, 304 U.S. 458 (1938).

White, 307 F.3d at 343. Thus, under Fifth Circuit precedent, an ineffective assistance of counsel claim survives a waiver of appeal only in cases in which the claimed assistance directly affected the validity of the waiver or the plea itself. Id. at 343.

In Ground Two of his Motion to Vacate, Sulaiman alleges that he was denied effective assistance of counsel because his attorney failed to research and gain a full understanding of the case, and failed to apply "skillful diligence in defending his client." See Mot. to Vacate, Ground Two. Sulaiman has not presented evidence in support of these allegations, and does not allege that they affected the validity of the plea agreement he entered. Additionally, Sulaiman's allegations are refuted by Royals who averred that he "exhaustively researched the law applying in Mr. Sulaiman's case and was diligent to the best of his ability in defending his client." See Royals Aff., at 2. Having reviewed the pleadings, the Court finds that Sulaiman is not entitled to relief under 28 U.S.C. § 2255 on the ineffective assistance of counsel

claim alleged in Ground Two of his Motion to Vacate, as that claim does not directly pertain to the validity of his waiver or plea agreement, and because it is not supported by the record.

In Ground Three of his Motion to Vacate, Sulaiman alleges his counsel was ineffective in drawing up the plea agreement. See Mot. to Vacate, Ground Three. Specifically, Sulaiman alleges that after pleading guilty to Count One of the Indictment, he was sentenced for two counts. Id. The Court again finds that Sulaiman's claim is not supported by the record as the record clearly shows that Sulaiman was only sentenced as to the charge brought in Count One of the Indictment, and that he was sentenced to a term of imprisonment less than the statutory maximum for that charge. See Judgment [Docket No. 33] (evidencing that Sulaiman's sentence was based on only Count One of the Indictment); Pre-sentence Investigation Report [Docket No. 32]. As the record clearly shows that Sulaiman was only sentenced as to Count One of the Indictment, the Count he agreed to plead guilty to in the MOU, the Court finds his claim that his attorney was ineffective in drafting the plea agreement and/or in negotiating with the prosecution lacks merit. Accordingly, the Court finds that Sulaiman is not entitled to relief under 28 U.S.C. § 2255 on the claim alleged in Ground Three of his Motion to Vacate.

As the final Ground in his Motion to Vacate, Sulaiman argues that he was told that his sentence would be time served or fourteen

months if he pleaded guilty, but that it would be fifty-one months if he went to trial, and that the jury would not have mercy on him based on his Arabian nationality.  See Mot. to Vacate, ¶ 13.  The Court finds this claim lacks merit as the MOU expressly states that the Court could sentence him to the maximum fine and term of imprisonment allowed by law, and that the maximum sentence that could have been imposed was a five-year term of imprisonment, three years of supervised release, a fine of $25,000.00, and restitution.  See Response, Ex. 2 (MOU), ¶¶ 4 & 5.  Additionally, during his plea hearing, the Court reiterated the contents of the MOU, informed Sulaiman of the maximum possible term of imprisonment he could receive by pleading guilty, and specifically informed him that neither his attorney nor the Court would know his possible sentencing range until the Pre-sentence Investigation Report was completed by the probation office.  Id., Ex. 1, (Plea Hr'g Tr.), 10-12.  Sulaiman also informed the Court that no one had made any promise or side agreement to him that was not set forth in the MOU.  Id. Ex. 1, at 14.  The Court finds that Sulaiman's testimony during the plea hearing and the contents of the MOU refute his allegation that his attorney had promised a lower sentence if he pleaded guilty.  See e.g. United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998).  Accordingly, the Court finds that Sulaiman is not entitled to relief under 28 U.S.C. § 2255 on the final claim alleged in his Motion to Vacate.

9

In sum, the Court finds that Sulaiman is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims set forth in his Motion to Vacate and, therefore, that his Motion should be denied.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 [Docket No. 37] is hereby denied.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 7th day of October, 2008.

                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE